IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00759-REB-MJW

LYNN A. BEINFIELD,

      Plaintiff,

vs.

STANDARD INSURANCE COMPANY, an Oregon Corporation

      Defendant.

---

## STIPULATION AND PROTECTIVE ORDER [Docket No 22-1]

---

      Each party and each counsel of record stipulate and move the Court for the Entry of a Protective Order concerning the treatment of Confidential Information (as defined in paragraph 2 below) and, as grounds therefore, state as follows:

      1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

      2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, medical records or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing information of any type, , which consists of any confidential financial information or information which is proprietary or confidential in nature, and/or information pertaining to any individual or entity not a party to the within action, where such an expectation of privacy exists. The Plaintiff's employment, tax or medical records and information shall be confidential, and, shall be deemed to be "confidential information" as defined above. Any such records disclosed shall be treated as "confidential information" as defined in this paragraph (2). The Plaintiff's

employment, tax or medical records shall be confidential under this Order without any necessity of marking such records as "confidential" The term "medical records" shall include all records from a provider deadline with medical, dental psychiatric, psychological, mental health, sexual history, or substance abuse issues.

    3.    Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a.    such designation shall be made only upon the designating Party's good faith belief that the material constitutes "Confidential Information," as defined in paragraph 2 above;

    b.    By imprinting the word "Confidential" on the first page or cover of any document produced;

    c.    By imprinting the word "Confidential" next to or above any response to a discovery response; and

    d.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

    4.    All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    Confidential Information may be disclosed only to "Qualified Persons," as that term is defined in Paragraph (c) below. All Qualified Persons receiving Confidential Information shall be bound by the terms of this Stipulated Protective Order;

    c.    Confidential Information may be disclosed to or made available by counsel of record for the party receiving such information only to Qualified Persons. For the purpose of this Agreement, the term "Qualified Persons" means:

    i.    This Court (and any appellate court), including court personnel, jurors and alternate jurors;

    ii.    Court reporters;

  iii. Inside and outside counsel to the named parties to the Litigation, associate attorneys, paralegal, clerical, secretarial and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the Litigation, who such counsel shall determine have a need for access to such information;

  iv. The parties or the officers, employees, or principals of a party, who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the Litigation;

  v. Persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation;

  vi. Anticipated and actual deponents and anticipated and actual trial fact witnesses other than the named parties to the Litigation; and

  vii. Independent outside experts, advisors or consultants (other than employees, officers, or directors of any party) retained by counsel of record in the Litigation.

  Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs c(iv), c(vi) and c(vii), counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulated Protective Order and consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. The requirements of obtaining such written agreement may be satisfied by obtaining the signature of any such person on a copy of Exhibit A to this Stipulated Protective Order, after having had such person read this Stipulated Protective Order and having explained the contents to such person.

  5. Qualified Persons authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or by agreement of the Parties.

  6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to Qualified Persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by Qualified Persons of Confidential Information, and shall maintain a list of all Qualified Persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Confidential Information, and that opposing counsel are unable otherwise to identify the source of the disclosure.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this Litigation and such copies shall be made and used solely for purposes of this Litigation.

9. During the pendency of this Litigation, counsel or Qualified Persons shall retain custody of Confidential Information, and copies made therefrom, pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall inform the other Party's counsel in writing of the specific grounds of objection to the designation. The written notice shall identify the information to which the objection is made. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. If a motion is filed under this provision, the Party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed under ~~seal~~. Restricted Access, Consistent with D.C. CivLcivR 7.2

    a. Any pleadings or briefs filed by the Parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed under ~~seal~~. Restricted Access.

    b. Any Party shall have the right to apply to the Court, upon reasonable notice to the other Party, for an order permitting further disclosure or declassification of any document upon a showing that such an order is necessary for adequate preparation of the Party's case or to otherwise protect the Party's interest.

*[initials] 5-21-13*

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     Confidential Information, including copies or summaries thereof, shall be maintained in a secure manner and destroyed as follows:

(a)     By the Parties' counsel following the retention period in accordance with the Rules of Professional Conduct, 1:15(a), or such other period as a Court may Order;

(b)     Records and documents retained by the Parties shall be destroyed at the earliest date allowed by insurance regulations, hold orders issued by a Court, statutory requirements, or Standard's internal record keeping and document retention policies.

(c)     While Plaintiff's employment, tax or medical records and documents are maintained by defense counsel and the Defendants, they shall not be disclosed except as authorized in this Order, insurance department regulations or statutory requirements;

(d)     Any insurance company that receives possession of the Confidential Information produced as discovery in this case must acknowledge in writing that it is subject to this Protective Order;

(e)     Any other individual, including experts to whom the records are disclosed, shall maintain the records as confidential and shall not disclose the records except as authorized in this Order, or as authorized under Colorado Law; [handwritten: or Federal] [initials: MJW 5-21-13]

14.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15.     By entering into this Stipulation, the Parties do not agree that any documents designated "Confidential" may be used as trial exhibits with such designation. The Parties reserve this issue for resolution by the Court at a later date.

16.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under C.R.C.P. Rule 26, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DONE and ORDERED this 21st day of May, 2013.

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

DATED this 21st day of May, 2013.

Respectfully Submitted,

Polsinelli PC

*In accordance with C.R.C.P.121 §1-26(7), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by the other parties or the court upon request.*

<u>S/*Joseph T. VanLandingham*</u>
Stacy A. Carpenter, Esq.
Joseph T. VanLandingham, Esq.
1515 Wynkoop St., Ste. 600
Denver, CO 80202
303-572-9300
scarpenter@polsinelli.com
jvanlandingham@polsinelli.com
*Attorneys for Defendant Standard Insurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kenneth J. Shakeshaft
Shakeshaft Law Firm
1935 Jamboree Drive #202
Colorado Springs, CO 80920
*Counsel for Plaintiff Lynn A. Beinfield*

*In accordance with C.R.C.P.121 §1-26(7), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by the other parties or the court upon request.*

S/Joseph T. VanLandingham

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00759-REB-MJW

LYNN A. BEINFIELD,

    Plaintiff,

vs.

STANDARD INSURANCE COMPANY, an Oregon Corporation

    Defendant.

---

**CONFIDENTIALITY AGREEMENT**

---

The undersigned, having read and understood the PROTECTIVE/CONFIDENTIALITY ORDER entered by the Court on _____, governing the restricted use of confidential documents and the contents thereof and other Confidential Information and materials obtained from the Parties, hereby agrees to be bound by the terms of the Protective Order.

Dated this ____ day of _____, 2013.

                                                _____
                                                Name (Typed or Printed)

                                                _____
                                                Signature